## THE QUARRY COMPANY *a.* BLISS.

*Supreme Court, First District; Circuit, June,* 1859.

LIABILITY OF TRUSTEES OF MANUFACTURING CORPORATIONS.

Under section 12 of the act to incorporate manufacturing and other corporations, the trustees who have neglected to report are not personally liable for debts contracted after they ceased to hold office as such.

Trial by the court.

The action was brought by the Shaler & Hall Quarry Company, to enforce the liability of the defendants, George Bliss and Charles Abernethy, as trustees of the Hudson River Stone Dressing Company, a corporation organized under the general manufacturing law of the State of New York, for acceptances, by said company, of the plaintiff's drafts dated respectively on the 20th and 27th days of April, 1854, for the respective sums of $832.75, and $1209.40, both payable to the order of plaintiff at three months after date, said drafts having been drawn against cargoes of Connecticut brown-stone sold and delivered by plaintiff to said company, between the 19th and 27th days of said April. The liability sought to be enforced was that imposed by the 12th section of the General Manufacturing Corporations Act of February 17, 1848. It was admitted by the pleadings that the annual report required by the 12th section was not filed or published within twenty days from the first day of January, 1854, nor until the 31st day of July, 1854. The evidence showed that no part of the stone furnished by plaintiff was delivered until after 18th April, 1854; and that the defendants ceased to be trustees of said company on that day, their term of office having previously expired, and an annual election having on that day taken place, at which their successors in office were duly elected.

There were other points taken in the case, upon which no opinion was expressed.

The cause was tried on the 9th of June, 1859, before Hon.

Josiah Sutherland, justice, without a jury, who rendered his decision, June 28, 1859, in favor of defendants, as follows:

*H. & C. S. Andrews*, for plaintiffs.
*Charles F. Sandford*, for defendants.

*Per* SUTHERLAND, J.—It appears from the evidence in this case, that the debt which the plaintiff seeks to recover in this action was not contracted, and did not accrue, until after the 18th of April, 1854, and that the defendants, Bliss and Abernethy, ceased to be trustees on that day. On that ground alone, I think the defendants Bliss and Abernethy must have judgment against the plaintiffs with costs. It is unnecessary to pass upon any other questions in the case.

---

## COOK *a.* SWIFT.

*Supreme Court, Eighth District; General Term, Nov.,* 1859.

JUSTICE'S COURT.—APPEAL.

On appeal from a justice's court under sections 353 and 366 of the Code, the appellate court must hear at the same time and pass upon all the questions, both those of error in law and of error in fact, and of a motion for a new trial.

Where the appellate court refused to hear argument upon the whole case, at the same time requiring the appellant to argue his motion for a new trial before proceeding with the case, or lose the benefit of it, the Supreme Court reversed the judgment and left the cause pending upon the appeal in that court to be proceeded with anew.

Appeal from a judgment of the county court affirming a judgment of a justice's court.

The facts are fully stated in the opinion.

*G. Parsons*, for the appellant.
*S. Caverno*, for the respondents.

BY THE COURT.*—MARVIN, J.—The parties joined issue, and

---

* Present, GREENE, MARVIN, and DAVIS, JJ.